## THE PEOPLE vs. REYNOLDS, impleaded, &c.

An indictment under Section 20, Chapter 154, R. S., 1846, for aiding in the concealment of any articles, money, goods, or property, knowing the same to be stolen, is supported by proof of acts of the aider, which will assist the principal felon in converting it to the use of the thief, or which will aid him in preventing its recovery by the owner, and it is not necessary to prove that the property was actually hidden or secreted anywhere.

The statute of this State in relation to receivers, &c., of stolen property, has enlarged the common law offense of *receiving* stolen property, knowing the same to be stolen, by making persons who shall aid the principal felon in the *concealment* of the property, equally guilty with him who *receives* such property.

Where the charge of the Court contains an abstract proposition of law, having no particular reference to the evidence submitted, it will be presumed, although the language is general, that the jury properly applied it to the case before them.

Case on bill of exceptions from Kalamazoo County Court.

*J. Miller, Jr.,* for the people.

—————— ————, for defendant.

By the Court, JOHNSON, J.

This cause comes into this Court on bill of exceptions from the Kalamazoo County Court.

There are two counts in the indictment—one for *receiving* stolen property, knowing the same to have been stolen, &c.—the other for *aiding* in the concealment of property, with like knowledge.

Both counts were framed under section twenty, of chapter one hundred and fifty-four of the revised statutes of 1846, which is in the following language: "Every person who shall buy, receive, or aid in the concealment of any stolen money, goods, or property, knowing the same to have been stolen, shall be punished," &c.

On the trial of the cause the Judge charged the jury, among other things, "that concealment of stolen property, knowing, &c., may be supported by acts of the aider, which will assist the principal felon in converting it to the use of the thief, or which will aid him in preventing its recovery by the owner, and that it is not necessary to prove that the property was actually *hid* or *secreted* anywhere."

Exceptions were taken to this charge by the defendant, and we are to determine whether such exceptions were well taken. It is the only question the case presents.

At common law it was a misdemeanor only to receive stolen property, knowing the same to have been stolen. By the 7 and 8 Geo. 4, Ch. 29, § 2, it was made felony, when the original taking was felony. (2 *Russ. on Cr.*, 237.) Our statute has enlarged this common law offense, by making persons who shall *aid* the principal felon in the concealment of the property stolen, equally guilty with him who shall *receive* such property.

This was the object of the statute, and was intended to embrace a class of offenses which could not have been reached by the common law; for important aid and assistance could have been rendered to the principal felon in enabling him to conceal the stolen property, without having been the receiver, so as to have subjected him to a prosecution

on that account, or without having rendered such aid or assistance to the felon himself, as to have made him an accessory *after the fact.*

It is the last clause of the statute above recited, then, which enlarges this common law offense, viz: " *aid in the concealment of,*" and we are called upon to give it a construction; for upon its *construction* depends in a measure the pertinency and application of the charge. If we narrow down the word " *concealment,*" as equivalent to or synonymous with the words *hide* or *secrete,* then the charge was too general in its terms. But if we give it a more enlarged sense, and one that comports with its literal signification, we shall find the charge to have been correct; and further, we shall carry out the evident intention of the Legislature, by making the remedy commensurate with the evil.

The evil intended to be guarded against by the enactment of that law was, to prevent persons from rendering important, efficient services to a felon, in aiding him in the concealment of stolen property; and *that* aid must be deemed quite as important and efficient, which would enable the principal felon to convert the stolen property to his own use, or which would enable him to remove the property beyond the reach of the owner, and thereby prevent its recaption, as if he had effected the same object by aiding and assisting him in depositing it in some place of *secrecy.* The same public and private evil would result, and the same moral guilt exist in the one case as in the other. And what is *more,* he would as effectually conceal the property from the owner, the person injured, and the one most likely to be instrumental in bringing him to punishment, in the former case, as in the latter.

Any disposition of the property which would have a tendency to conceal it from the observation of the owner, is within the meaning of this *law,* and it cannot be presumed that the thief could convert the stolen property to his own use, without using means to conceal it from the owner; therefore, it will follow that the charge of concealment may be well sustained by evidence, tending to show that the defendant aided the thief in converting the stolen property to his own use.

But if there can be any doubt entertained about the correctness of the construction we have given to this statute, there is another view of the case leading to the same result, and which must be deemed conclu-

sive, in this case. The charge was an abstract proposition of law, having no particular relevancy to the evidence submitted to the jury, and we will presume, although the language was general, that the jury properly applied it to the case before them, and that the defendant had no just cause of complaint.

In either view of the case, we must hold the exceptions not well taken.