## JOSEPH S. BROWN v. THE PEOPLE.

*Receiving stolen goods covered by information for larceny.*

Where complaint was made and a warrant issued for larceny and
for receiving stolen goods, and the examining magistrate certi-
fied that it appeared to him that the said offense so charged
was committed ·and that there was probable cause to believe
the respondent to have been guilty of the commission thereof,
it was *held* sufficient to authorize the prosecuting attorney to
file an information charging respondent with a larceny of the
property.

An examination on a complaint and warrant charging larceny is
enough, if the accused is held for trial, to authorize the prose-
cuting attorney, under Comp. L., § 7935, to add a count for
receiving stolen goods.   A separate examination on that charge
is not necessary.

An information does not put the accused on trial for a different
offense from that covered by the preliminary examination.

Error to Cass.   Submitted June 6.   Decided June 11.

LARCENY AND RECEIVING STOLEN PROPERTY.

*Howell & Carr* for plaintiff in error.   An information
should not be filed except on a definite finding, *Yaner
v. People,* 34 Mich., 286.

Attorney General *Otto Kirchner* for the People.

MARSTON, J.   The respondent was tried upon an
information charging him with having committed lar-
ceny, and also for having received stolen goods, and
convicted of the first offense charged.   When arraigned
and before pleading he moved to quash the information
for the reason that the return and certificate of the
examining magistrate did not determine that any offense
named in the information was committed nor that the
justice found probable cause for suspecting the respond-
ent to be guilty thereof.   This motion was denied, and
the errors now assigned are the same as those stated in

this motion and for denying the same. The complaint made before the examining magistrate and the warrant issued by him contained charges the same as set forth in the information. There was an examination and the magistrate certified that it appeared to him that the said offense so charged was committed and that there was probable cause to believe the respondent to have been guilty of the commission thereof.

This, we are of opinion, was sufficient and would authorize the prosecuting attorney to file an information charging the respondent with a larceny of the property.

Our statute permits and authorizes the adding a count, in an information for larceny, charging a receiving of the same property knowing it to have been stolen. This is not designed as a separate and distinct offense but to meet the evidence adduced on the trial and prevent a failure of justice in a case where it should be made to appear that the respondent was not the principal actor in the felonious taking but in receiving the stolen property with a knowledge of the fact. I do not understand that an examination upon a complaint charging a receiving of stolen property is necessary before the prosecuting attorney can add such a count to an information charging larceny. If there has been an examination before a magistrate on a complaint and warrant charging a larceny of goods, and the accused is held for trial, the prosecuting officer may, in his information in such a case, add a count for receiving stolen goods.

Upon an examination in a case like the present the facts are fully gone into and an information charging the offense as in this case does not put the accused upon trial for an offense other or different than the one enquired of by the examining magistrate. See *Brownell v. People*, 38 Mich., 732, decided at the present term.

The judgment will be affirmed.

The other Justices concurred.