IN THE MATTER OF HENRY FRANKLIN ON HABEAS CORPUS.

*Criminal law—Horse stealing—Information—Inconsistent counts— General verdict.*

1. Our practice has allowed indictments to contain various counts, charging the same transaction in different ways, so as to meet the testimony as it is given on the trial; and some liberality has been used in applying a general verdict when all of the counts can be harmonized. But we find no authority for sustaining a sentence under a general verdict upon inconsistent charges, and covering them all. 1 Bish. Crim. Proc. § 1015 *a*; Harris, Crim. Law (Force's ed.), 384.

2. How. Stat. § 9546, which provides that an indictment [information] for larceny may contain a count for obtaining property by false pretenses, or for embezzlement, or for receiving, having in possession, or aiding in concealing the same property, knowing it to have been stolen, and that the jury may convict of either offense, clearly requires the verdict to point out the crime of which the defendants are found guilty, and will not bear the construction that a conviction can be had on all the charges at once by *general* verdict.

3. A sentence to imprisonment for more than five years, upon a general verdict of guilty under an information for horse stealing contrary to How. Stat. § 9180, and for the larceny of the same horse under the general statute, and for receiving, and aiding in concealing, the stolen property, is void for the excess.

4. How. Stat. § 9180 (Act No. 102, Laws of 1877),[1] if valid, is aimed at preventing such horse stealing as should be done in this State, and disturb its peace, while the general statutes punish the receiver of property stolen beyond the State as well as any other.

[1] This statute punishes every person convicted of stealing any horse, etc., of any value, or who shall receive, buy, conceal, or aid in the concealment of any stolen horse, etc., knowing the same to have been stolen, by imprisonment in the State prison not less than three years, nor more than fifteen years, and on a first conviction the court may, in its discretion, sentence the respondent to the State House of Correction for a term not exceeding two years. This statute was held constitutional in *People v. Morris*, decided May 9, 1890, and reported in Vol. 45 N. W. Rep. 591.

5. It needs no discussion to show that under our statutes concerning receivers of stolen property it is not contemplated that the same person can be both thief and receiver.

*Habeas corpus* proceedings. Argued October 29, 1889. Prisoner discharged November 13, 1889.

Prisoner applied for his discharge from State prison on the ground that, if any part of his imprisonment was valid, the time allowed by law for holding him had expired. The facts are stated in the opinion.

*Thomas A. Wilson,* for petitioner.

*S. V. R. Trowbridge,* Attorney General, for the people.

CAMPBELL, J. The petitioner in this case, who is confined in the State prison at Jackson, asks to be discharged on the ground that, if any part of his imprisonment was valid, the time allowed by law for holding him has expired. He was convicted and sentenced in June, 1884, the sentence being for ten years, of which more than five years has expired. The people, by the Attorney General, resist his discharge, on the ground that he was sentenced under Act No. 102, Laws of 1877, entitled "An act to provide for the prevention and punishment of horse stealing," which fixes the punishment at not less than three, nor more than fifteen, years in the State prison.

Petitioner claims that the record and verdict do not warrant such a sentence. He also claims the statute is invalid, as against the constitutional prohibition of cruel and unusual punishments.

The indictment contains four counts. The first alleges the larceny of a horse worth $150, in Kalamazoo county, from one McElroy, and refers expressly to the statute of 1877. The second count is a charge, not under the stat-

ute, of the same offense. The third is for feloniously receiving a horse lately stolen from McElroy, knowing it to have been stolen, but averring neither time nor place of the theft. The fourth is for feloniously aiding in the concealment of a horse of McElroy, lately stolen, knowing it to have been stolen. This count refers to the statute of 1877, but gives no time or place of the theft. The verdict of the jury was a general verdict of guilty.

Our practice has allowed indictments to contain various counts, charging the same transaction in different ways, so as to meet the testimony as it is given on the trial. And some liberality has been used in applying a general verdict when all of the counts can be harmonized. But we find no authority for sustaining a sentence under a general verdict upon inconsistent charges, and covering them all. Mr. Bishop, referring to authorities, says:

"Nor yet should the verdict be general, if the conviction is thereby rendered repugnant or absurd." 1 Bish. Crim. Proc. § 1015a.

In Judge Force's edition of Harris' Criminal Law, 384, referring to a statute corresponding with the Michigan statute on the subject, it is said:

"Where the statute provides that counts for larceny, embezzlement, and obtaining goods by false pretenses may be joined in one indictment, and the defendant found guilty of either, a general verdict of guilty, under an indictment so drawn, is not valid."

Our statute adds to this list,—

"Receiving, having in possession, or aiding in concealing, the same property, knowing it to have been stolen," and says: "The jury may convict of either offense, and the jury who shall try the same may find all or any of the persons indicted guilty of either of the offenses charged in the indictment." How. Stat. § 9546.

This statute clearly requires the verdict to point out the crime of which the defendants are found guilty, and

will not bear the construction that a conviction can be had on all the charges at once by general verdict.

The importance of separating the counts on a verdict is the more apparent, in connection with section 9143, which provides that on a first conviction of receiving stolen chattels, when the theft is simple larceny, the party convicted, by making satisfaction, shall be exempted from State prison.

It needs no discussion to show that under our statutes concerning receivers it is not contemplated that the same person can be both thief and receiver. We cannot, from such a verdict, assume that the conviction was not intended to be made against petitioner under one of the common-law charges, as thief or receiver, or that if convicted as receiver he could not have avoided State prison by satisfaction.

It is also evident that if the statute of 1877 is valid it is aimed at preventing such horse stealing as should be done in this State, and disturb its peace, while the general statutes punish the receiver of property stolen beyond the State as well as any other; so that there is nothing in any but the first count necessarily indicating a Michigan larceny, actual and not constructive

Whether the judgment was altogether erroneous, or only void as excessive, and for the excess, is not important on this application, as petitioner has served out the full extent of any valid sentence under the general laws, which make five years the extreme penalty.

Under this finding, if valid at all, it is certain it can only be made valid by confining it to the least offense charged. The case is unlike those where the same fact is aimed at in all the counts, and we need not consider the rule in such cases.

As we do not consider the verdict as capable of being applied under the act of 1877, so that this statute is out

of the question, it is not perhaps desirable to consider the important question whether that statute is valid. The discussion would open very important and difficult questions of constitutional law, which deserve the fullest investigation and deliberation. On this summary hearing, although counsel have done much to throw light on the subject, no examination we could give would be exhaustive. When a case comes up on error and exceptions, so that we can know all its facts, it will probably be easier and safer to deal with the limitations on the power of criminal punishment relied on to defeat this act. We have had occasion heretofore to point out its remarkable and objectional features, which certainly indicate no underlying principle in harmony with the rest of our legislation. In all of the cases we have hitherto dealt with, as in this case, the convictions have been held bad without regard to constitutional questions. No hurried examination would be satisfactory.

Petitioner is unlawfully detained, and must be discharged.

SHERWOOD, C. J., CHAMPLIN and MORSE, JJ., concurred. LONG, J., did not sit.