## STATE v. BOULTER.

CRIMINAL LAW—PROSECUTION BY INFORMATION—DESIGNATION OF CRIME BY COMMITTING MAGISTRATE—PROBABLE CAUSE—PLEA IN ABATEMENT:

1.　Where an accused, upon preliminary examination, has been held to answer for the crime of murder in the second degree only, although the complaint charged the commission of the crime in the first degree, he cannot be prosecuted upon information thereafter filed by the prosecuting attorney for murder in the first degree; and to an information so filed in such case a plea in abatement will be sustained.

2.　An information verified on information and belief does not, of itself, constitute "probable cause supported by affidavit."

[Decided March 19, 1895.]

ERROR to the District Court for Laramie County, HON. RICHARD H. SCOTT, Judge.

On November 23, 1894, the prosecuting attorney of Laramie County filed a criminal complaint before a justice of the peace for said county, charging the defendant in error with murder in the first degree, alleged to have been committed upon the person of one Thomas O'Neil, on the 22nd day of November, 1894. Upon a hearing, the accused was held to answer for murder in the second degree. Thereafter, in the district court, the prosecuting attorney filed an information charging defendant in error with said crime of murder in the first degree. To said information a plea in abatement was filed. The grounds therefor being, that the accused had not been legally committed to the district court; that no finding had been made by any examining officer or committing magistrate that the offense described had been committed; and that the court had no jurisdiction of the cause. An answer to the plea in abatement was filed, denying its allegations. A hearing was had upon the plea, and the answer thereto, and the only evidence introduced was the transcript of the examining magistrate. His findings are stated in the opinion. The district court sustained the plea in abatement, to which the prosecuting attorney excepted. Such exceptions were brought to the supreme court by the prosecuting attorney, as permitted by the provisions of Sections 3307-3310 Rev. Stat., which authorize exceptions preserved by the prosecuting attorney to be filed in the said appellate court for its decision upon the points presented thereby, although, in such a case, it is provided that the judgment of the district court shall not be reversed, nor in any manner affected by the decision of the Supreme Court, but such decision determines the law to govern in any similar case which may be pending at the time it is rendered, or which may afterward arise.

The contention of the plaintiff in error was that, as the defendant was charged before the justice of the peace with the crime of murder in the first degree, he was properly informed against in the district court for the crime of murder in the first degree; and that it is not the finding of the justice as to the degree of the crime that fixes the nature of the charge in the district court, but that it is the nature of the offense

charged against the defendant before the justice of the peace that determines the nature of the offense, concerning which the defendant may be informed against in the district court.

*J. A. Van Orsdel,* prosecuting attorney, and *W. R. Stoll* of counsel for plaintiff.

There is nothing said in the statutes about justices of the peace binding a person over for a lower grade of any offense charged. There is no express authority given him to do this. He must either bind him over to answer the charge as made, or discharge him, or, if it appears that the offense is of a higher grade, he may bind him over for that offense. Such were the provisions of the statutes of Wyoming under the grand jury system. Such are the provisions under the information system. Under the information system, the object of the statute is to prevent a defendant from being proceeded against in the trial court for an offense concerning which he has not been informed. The defendant must have an opportunity of being heard. This is given him when he is charged with a particular offense by a criminal complaint before a justice of the peace. When a complaint charging murder in the first degree is filed before a justice of the peace, and the defendant has had his hearing thereon, the prosecuting attorney may file an information charging murder in the first degree in the district court.

The principle running through the cases is simply this: That before you can proceed against a defendant in the trial court for a particular offense, he must have been charged before the justice of the peace with substantially the same offense. It is not the determination of the justice of the peace that limits the prosecuting attorney, or decrees for what offense the defendant shall be tried, but it is the determination of the prosecuting attorney, he having charged the defendant with one offense before the justice of the peace, and with the same offense in the district court.

It does not matter what particular offense the justice of the peace determined had been committed. The justice of the peace may believe that a particular offense is committed, but

his belief may be an erroneous one. The added supervision of the prosecuting attorney is necessary. People v. Lee Ah Chuck, 66 Cal., 662; People v. Vierra, 67 id., 231; People v. Giancoli, 74 id., 642; Ex parte Sternes, 82 id., 245; People v. Staples, 91 id., 23; People v. Parker, id., 91; Ex parte Nicholas, id., 640; People v. Wallace, 94 id., 497; People v. Christian, 101 id., 471; Washburn v. People, 10 Mich., 372; In the Matter of Dennis Leddy, 11 id., 197; Morrissey et al. v. People, 11 id., 327; People v. Annis, 13 id., 511; People v. Jones, 24 id., 214; Hamilton v. People, 29 id., 173; People v. Lynch, 29 id., 273; Turner v. People, 33 id., 363; Yaner v. People, 34 id., 285; Cargen v. People, 39 id., 549; Stuart v. People, 42 id., 255; People v. Evans, 40 N. W., 473 (Nov. 1, 1888); People v. Elshof, 72 id., 367; People v. Whittemore, 102 id., 519; State v. Bailey, 32 Kan., 83; State v. Spaulding, 24 id., 1; State v. Smith, 13 id., 204; State v. Reedy, 44 id., 190; Cowan v. State, 22 Neb., 519; Haunstein v. State, 31 id., 112; Hill v. State, 42 id., 503; State ex rel. v. Barnes, 3 N. D., 131.

*Ralph E. Esteb,* for defendant in error.

As the justice of the peace before whom the complaint was filed, upon full examination thereof, judicially decided that an offense had been committed, and that that offense was murder in the second degree, and that there was probable cause to believe the defendant guilty of said crime of murder in the second degree, the district court had no jurisdiction to entertain an information against the defendant for a higher crime than that which was found to have been committed, and of which there was probable cause to believe the defendant guilty.

(R. S., Secs. 3191, 3199.)

Section 3199 is as follows:

"If the offense for which the prisoner is held to answer be bailable, and the prisoner offer sufficient bail, a recognizance shall be taken for his appearance to answer the charge before the court in which the same is cognizable, on the first day of the next term thereof, and not to depart such court without leave, and thereupon he shall be discharged."

This section plainly imports that the offense for which the prisoner is to be held to bail is the one for which he is held to answer, and not the one with which he was charged.

If this were not true, and a defendant was held to answer the charge of manslaughter, or murder in the second degree upon his preliminary examination on a charge of murder in the first degree, then he could be held to bail for the offense with which he is charged, and not for the offense for which he had been held to answer, and can it be said that a defendant can be held to bail for an offense for which he has been held to answer, and yet be prosecuted in the court to which he is remanded for a higher offense.

Under Art. 1, Sec. 4, Constitution, a defendant is secure in his person, except upon probable cause, and if upon a preliminary hearing upon the charge of murder in the first degree, the finding of the justice is that an offense has been committed, and that there is probable cause to believe the defendant guilty of murder in the second degree, and thereafter he be seized and held to answer the charge of murder in the first degree, said seizure is without warrant and not upon probable cause.

The clear and evident intent of the statutes is that a magistrate should exercise his best judgment, in order that the accused shall not be placed upon trial to answer a charge different or greater than the one which is found to have been committed. The prosecuting attorney is deprived of any discretion in the premises.

(R. S., secs. 3194, 3199, 3201, 3202, L. 1891-2, Chap. 59, sec. 7; id., chap. 21, p. 44; Turner v. People, 33 Mich., 363; Yaner v. People, 34 Mich., 286; People v. Evans, 72 id., 367; Stuart v. People, 42 id., 258; 39 id., 551; People v. McDowell, 63 id., 229; People v. Annis, 13 id., 511; People v. Wright, 89 id., 78; People v. Jones, 24 id., 214; People v. Smith, 59 id., 366; People v. Christian, 101 Cal., 471-3; Ex parte Stearns, 82 id., 245; Ex parte Nicholas, 91 id., 640-5; People v. Staples, id., 26; People v. Parker, id., 94; People v. Vier, 67 id., 231; People v. Velarde, 59 id., 458; People v. Wheeler, 73 id., 255; People v. Lee Ah Chuck, 66 id., 662; Mawbray

v. Commonwealth, 11 Leigh., 645; Hurtado v. California, 110 U. S., 517, 53; Deering's Crim. Code of Cal., sec. 872, 809; Works, On Courts and Their Jur., 481-3.

Conaway, Justice.

An information charging defendant in error with the crime of murder in the first degree was filed in the district court on November 27, 1894. This information was verified by the county and prosecuting attorney on information and belief. Prior to the filing of this information a preliminary examination had been had before a justice of the peace on a complaint charging defendant in error with the crime of murder in the first degree. The result of this examination appears from the following entry in the docket of the justice, a transcript of which is part of the record:

"And the court doth find as follows: From the evidence it appears that an offense has been committed, and there is probable cause to believe the defendant, Charles Boulter, guilty of murder in the second degree: It is therefore ordered by the court that the defendant, Charles Boulter, be held to answer said charge to the district court of Laramie county forthwith to the present term thereof in the penal sum of five thousand (5,000) dollars."

Our statutes authorized the prosecution of crimes by information but with the following restrictions as to felonies: "No information shall be filed against any person for any felony until such person shall have had a preliminary examination therefor, as provided by law, before a justice of the peace or other examining magistrate or officer, and shall have been held for trial by such court or officer, unless such person shall have waived his right to such examination; Provided, however, that such information may be filed without such examination against fugitives from justice." To the information filed under this state of facts, a plea in abatement was interposed attacking the authority of the prosecuting attorney to prosecute by information for a higher degree of crime than that for which the accused was committed and held for trial by the committing magistrate. The prosecution claims the

authority to do this, and cite a number of California cases
in support of this authority. But the California cases do not
sustain this view, but the reverse. By statutory provision in
that State, the committing magistrate is required to take the
testimony of each witness in case of homicide in writing as
a deposition, and in other felonies when it is demanded by
the prosecution or by defendant or by his attorney, and to
certify such written testimony to the trial court. Without
such demand, any felony, not a homicide, would go up with-
out written testimony. The prosecuting attorney may then
file his information for such crime as is disclosed by these
depositions in cases in which the testimony is taken and cer-
tified in writing. But in cases where the testimony is not
taken in writing the supreme court of California announces
the rule in these words: "If the depositions are not returned,
the district attorney must proceed by information for the
offense designated by the magistrate, for the reason that there
is no testimony on which he can exercise his judgment."
People v. Lee Ah Chuck, 66 Cal., 662. So far as we can
ascertain, the correctness of this proposition has not been
questioned in any reported California decision. The Cali-
fornia cases are in conflict with some points arising in cases
of this kind, but none of them seem to sustain the position of
the prosecution in the case at bar. The testimony is not re-
quired or even authorized to be taken in writing in Wyoming
in any case, and if the Supreme Court of California is correct
in its view, the prosecuting attorney "must proceed by in-
formation for the offense designated by the magistrate."

A number of Michigan cases are cited on behalf of the
plaintiff in error, but these cases are even more directly re-
pugnant to the position of plaintiff in error than the Cali-
fornia cases. The Michigan decisions do not permit the prose-
cuting attorney what crime or what degree of crime he will
file an information for, although the testimony at the pre-
liminary examination is required to be reduced to writing in
all cases. A leading case in Michigan is that of Yaner v.
People, 34 Mich., 286. This case is cited in a number of
subsequent cases and always with approval. It was a prosecu-

tion by information for the crime of murder. There had been a preliminary examination upon a complaint charging murder. The accused was held for trial but the committing magistrate, a justice of the peace, declined to decide whether the offense which had been committed was murder or manslaughter. A motion to quash the information was sustained on account of this fact. Speaking of the preliminary examination the court says: "And it is only when it shall appear from such examination that an offense not cognizable by a justice of the peace has been committed and that there is probable cause to believe the prisoner guilty thereof, that he can be held for trial. Secs. 7859, 7860. The clear evident intent of this statute was that the magistrate should exercise his best judgment in the matter; that he should from the testimony determine whether the crime charged in the warrant had been committed or where, as in this case, the offense charged includes one or more of lesser degree, the magistrate should determine which offense, if any, had been committed, so that the accused might not be placed upon trial in the circuit to answer to a charge different or greater than the one on which he had been examined, and to answer which he had been held for trial. If this were not so, we should have the magistrate binding over for one offense, and the prosecuting attorney filing an information for another and different one; or the magistrate binding over to answer to an offense of one degree and the prosecuting attorney filing an information for a like offense of a higher degree." See People v. Evans, 72 Mich., 387. The Michigan cases are opposed to the theory that the prosecuting attorney may decide from the evidence taken on the preliminary examination or from any other considerations, what offense or what degree of any offense he will prosecute for by his information, although the testimony is reduced to writing.

The California and Michigan cases seem to be not in entire harmony, the California cases holding that the prosecuting attorney may consider the written testimony taken at the preliminary examination in determining what offense, or what degree of any offense he will prosecute for by his information,

and the Michigan supreme court holding that he may not consider the written testimony taken at the preliminary examination in determining the question, but that he is bound by the action of the committing magistrate. In these States and in other States the prosecuting attorney will not be bound by an imperfect designation of the crime or degree of crime charged. It will be sufficient if the crime charged in the information is substantially the same as that for which the accused was held for trial. The cases are generally to the effect that the prosecuting attorney may charge the crime more fully and technically than it is charged by the committing magistrate, and may do so in different counts in proper cases. He is not bound by any inaccurate language of the committing magistrate, but is bound to confine his prosecution to the same charge in substance designated by the committing magistrate. See Brown v. People, 39 Mich., 37. Statutes such as those of California and Michigan were evidently not intended to prevent an effective prosecution of criminals in the district court by confining the prosecuting attorney in framing his information to any erroneous use of words, or even inadequate language, of the magistrate in his commitment. On the other hand, the statute clearly does not vest in the prosecuting attorney the authority to determine for what crime he will file his information. But in Wyoming the testimony taken by the examining magistrate not being reduced to writing there is nothing upon which the prosecuting attorney may exercise his discretion or judgment. The commitment of the magistrate is all he has to act upon.

The first legislature of the State of Wyoming gave the prosecuting attorney authority to file his information whenever he was satisfied that a crime had been committed in his county. Laws 1891, p. 215, sec. 7.

The second legislature took away this authority. Laws 1893, p. 44, sec. 1.

Another consideration that should not be overlooked is that the information is verified by the prosecuting attorney on information and belief. And there is no finding or showing of probable cause to believe the defendant guilty of the degree

of offense charged. The information verified on information and belief does not of itself constitute "probable cause supported by affidavit." See Const. Wyo., art. 1, sec. 4; U. S. v. Bollman and Swartout, 1 Cranch C. C. Rep., 373; State v. Gleason, 32 Kans., 245. The knowledge of the prosecuting attorney is generally founded on information and belief. In the nature of things he can have actual personal knowledge of but a small portion of the crime committed in his county. His information upon which his belief is founded is sworn to by no one. No one is criminally liable if it should prove to be false and malicious. Such verification furnishes no safeguard against unfounded and vexatious arrests.

The plea in abatement to the information charging murder in the first degree was properly sustained by the district court because (1) the committing magistrate did not hold the accused for trial for that degree of offense. (2) The committing magistrate did not find that there was probable cause to believe the accused guilty of that degree of offense. See further, People v. Thompson, 84 Cal., 598.

GROESBECK, C. J., and POTTER, J., concur.