## MARK v. BROWNING, Chief of Police.

Decided May 11, 1911. (115 Pac. 275.)

1. EXTRADITION—INTERSTATE—INDICTMENT OR AFFIDAVIT CHARGING OFFENSE. Under U. S. Comp. St. 1901, page 3579, providing that extradition of a fugitive from justice may be demanded by the chief executive upon production of a copy of an indictment found or an affidavit made before a magistrate charging the person demanded with a felony, and indictment or an information, which under oath charges in direct and positive terms that the crime has been committed, and is sufficient to authorize the issuance of a warrant by the magistrate before whom the charge was made, is sufficient to authorize delivery over of the prisoner, though, where it is permitted in the state in which the warrant of arrest is issued to charge a crime in an information upon information and belief, then that information must be supported by the affidavit or sworn statement of someone who is cognizant of the facts; and hence an information filed in Wyoming, which under the Wyoming Constitution, providing that no warrant shall issue but upon probable cause supported by an affidavit, does not constitute probable cause, for the issuing of a warrant for the arrest of the accused because verified only on information and belief is insufficient to authorize extradition.

2. COURTS—RULES OF DECISION—COURTS OF A FOREIGN STATE. In determining the sufficiency of an indictment under the laws of a foreign state, the decisions of that state control.

Appeal from District Court, Weber County Second District; *J. J. Willis*, Judge *pro tem.*

Application by John Mark, alias George Crus, for a writ of habeas corpus against Thomas E. Browning, as Chief of Police of Ogden City. From a judgment remanding applicant into custody, he appeals.

REVERSED, and applicant ordered discharged.

*A. G. Horn* for appellant.

*David Jenson* for respondent.

FRICK, C. J.

The appellant applied to the district court of Weber county, Utah, for a writ of habeas corpus upon the ground that he was illegally restrained of his liberty by one Thomas E. Browning, Chief of Police of Ogden City. The writ was duly issued, and said Browning produced the appellant and made return to the writ under oath, in which he set forth the authority under which he held the appellant in custody as an alleged fugitive from justice. In this regard the return of said Browning was to the effect that appellant was held under a warrant issued by the Governor of this state based upon a requisition from the Governor of the state of Wyoming. The requisition was based upon a complaint or information filed by the county attorney as prosecuting attorney of Albany county, Wyo., in which appellant is charged with having committed the crime of grand larceny, an offense under the common law. The complaint or information aforesaid, after being signed by said county attorney, was verified by him as follows: "State of Wyoming, County of Albany —ss.: I, Frank E. Anderson, being first duly sworn, say: I have read the foregoing complaint and know the contents thereof, and the facts therein stated are true, as I verily believe, so help me God. Frank E. Anderson. Signed in my presence and sworn to before me this 24th day of February, A. D. 1911. John Reid, Justice of the Peace." At the hearing appellant produced and introduced in evidence a provision of the Constitution of the state of Wyoming (Constitution article 1, section 4), which reads as follows: "The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, shall not be violated, and no warrant shall issue but upon probable cause, supported by affidavit, particularly describing the place to be searched, or the person or thing to be seized." Appellant contended at the hearing, and now contends, that the information charging the appellant with the crime aforesaid was not supported by an affidavit as required by the constitutional provision aforesaid, and hence

did not authorize the justice of the peace to issue a warrant for the apprehension of appellant, and that therefore, the requisition of the Governor of Wyoming and the warrant of the Governor of this state based thereon are without legal authority, and hence are void. The district court of Weber county held the verification of the complaint sufficient and entered the judgment remanding the appellant into the custody of said Browning for the purpose of having appellant removed to Albany county, Wyo., for trial upon the charge aforesaid. Appellant presents the record on appeal.

The only question presented by him on this appeal is whether the warrant issued by the justice of the peace of Albany county, Wyo., was issued "upon probable cause supported by affidavit" as required by the constitutional provision we have quoted. Counsel for appellant contends that the verification of a complaint charging one with a crime is insufficient to authorize the issuance of a warrant when such verification is based upon belief or upon information and belief only; the contention being that such a verification is not sufficient to establish the probable cause required by the Constitution and that such a verification is not tantamount to the affidavit required by that instrument.

Interstate extradition, or rendition, as it is sometimes called, is based upon section 2 of article 4 of the Constitution of the United States, which, so far as material here, reads as follows: "A person charged in any state with treason, felony, or other crime, who shall flee from justice and be found in another state, shall on demand of the executive authority of the state from which he fled be delivered up to be removed to the state having jurisdiction of the crime." As might well be expected the courts are not entirely in harmony with respect to what constitutes a charge of crime sufficient to require the executive of one state to deliver up the accused upon the request of the executive of another state. *Ex parte Spears,* 88 Cal. 640, 26 Pac. 608, 22 Am. St. Rep. 341, is an example of the cases which hold that a statement on information and belief is insufficient, while *In re Keller,* (D. C.) 36 Fed. 681, affords an illustra-

tion of that class of cases which holds that a positive state-
ment that a crime has been committed may be sufficient if
verified upon belief. For the purpose of this decision, how-
ever, it is not necessary for us to harmonize the conflicting
decisions or to review the cases upon this subject, for the
reasons hereafter appearing.

By act of Congress passed in February, 1793, (Act Feb. 12,
1793, chapter 7, 1 Stat. p. 302) it is in effect provided that a
fugitive from justice who has fled from one state to another
may be demanded by the chief executive of the first state
from the chief executive of the state to which he has fled
when the person demanding such fugitive "produces a copy
of an indictment found or an affidavit made before a magis-
trate of any state or territory charging the person demanded
with treason, felony or other crime certified as authentic by
the Governor or chief magistrate of the state or territory
from whence the person so charged has fled." The foregoing
provision in substance is the law upon the subject to-day as
appears from U. S. Comp. Laws 1901, section 5278, page
3597. The theory upon which Congress acted in adopting
said statute is, we think, well stated by the author in Spear
on the Law of Extradition at pages 362 and 363, where it is
said: "The evident theory of the statute is that the legal
accusation, namely, an indictment or affidavit, charging the
party with the commission of crime that would have justified
his arrest and commitment to prison, or holding him to bail,
in the state or territory in which the crime is charged to
have been committed, had he not fled therefrom, shall be
sufficient to authorize his arrest in the state or territory
where he has sought refuge, and his removal therefrom to
the state or territory having jurisdiction of the crime. An
indictment found by a grand jury or a complaint under oath
before a magistrate competent to administer an oath and
issue a warrant of arrest is the established American man-
ner of making a legal charge of crime and thus initiating
criminal proceedings against a party; and Congress saw fit
to adopt this manner of making the charge in the extradition
of fugitive criminals." While, as we have said, the author-

ities are not in perfect harmony with respect to what constitutes a sufficient charge of crime to warrant the chief executive of the state to which the person accused of crime has fled to deliver him up, yet we think the great weight of authority conforms to the statement quoted from Mr. Spear, namely, that if a crime is charged under oath in direct and positive terms, and if a charge in that form is sufficient to authorize the issuance of a warrant by the magistrate before whom the charge is made for the arrest of the accused under the laws of the demanding state, it is ordinarily held sufficient to authorize the chief executive upon whom requisition is made to honor the same. It may also be that a form of pleading is permitted in a state in which the warrant of arrest is issued which does not require the person making the complaint to absolutely and positively charge a crime, but permits that to be done on information or belief, then such complaint must nevertheless be supported by the affidavit or sworn statement of some person who is cognizant of the facts, and from which affidavit or sworn statement, taken in the form of a deposition or otherwise, it is made to appear that a crime has been committed, and that there is probable cause to believe that the accused is the person who committed the same. Where the requisition is based upon an indictment found, or upon an information which is based upon a preliminary examination by a magistrate such indictment or information is ordinarily held sufficient to authorize such requisition. It however, is not necessary in this proceeding to determine the sufficiency of the complaint, information, or affidavit to authorize the granting of a requisition under all circumstances and upon any request of the chief executive of any state in the Union. It is sufficient for us to determine now whether the warrant issued by the justice of the peace in the state of Wyoming was sufficient to authorize the arrest of appellant in that state.

The Supreme Court of Wyoming in construing the constitutional provision we have quoted, in the case of *State* v. *Boulter,* 5 Wyo. 236, 39 Pac. 883, held that a warrant based

upon "an information verified on information and belief" does not constitute the probable cause which authorizes the issuing of a warrant under the constitutional provision aforesaid. This being the law of Wyoming that must control the arrest drawn in question in this proceeding. If, therefore, the warrant upon which the Governor of Wyoming based his requisition to the Governor of this state is void, then it must follow that the warrant issued by the Governor of this state under which appellant is held for removal must also be void.

With regard to the numerous cases cited by counsel representing the officer in whose custody the appellant is held, we desire to say that a careful examination of them only strengthens the conviction that the courts are not in harmony with regard to what constitutes a sufficient verification to a complaint which forms the basis for the arrest of one charged with a crime. Many of the cases cited by counsel, however, support our conclusions, while but few, if any, are directly at variance with them. While some disagree with the conclusions reached by the Supreme Court of Wyoming, others do not. In view of the decision of the Supreme Court of Wyoming we have no alternative except to declare the detention of the appellant illegal.

It is therefore ordered that the judgment of the district court of Weber county remanding the appellant to the custody of said Browning for the purpose of removal from the state of Utah to the state of Wyoming is reversed, and the appellant is discharged from the detention and imprisonment set forth in his application.

McCARTY and STRAUP, JJ., concur.