PEOPLE v NEWBY

1. CRIMINAL LAW—LARCENY—CONCEALING STOLEN GOODS—EXCLUSIVE
   CRIMES—TRIAL.

   The object of the statute proscribing the receiving or aiding in
   the concealment of stolen property is not to punish the thief
   but to convict those who aid him in converting the property to
   his own use; a defendant may not be convicted of the crime of
   breaking and entering with intent to commit larceny and the
   crime of receiving and concealing the property which he stole
   in that burglary, although he may be tried on both charges to
   prevent a failure of proof in the event that the proofs indicate
   that he was not the thief.

2. CRIMINAL LAW—TRIAL—IMPROPER REMARKS—PROSECUTORS—RE-
   SPONSES—APPEAL AND ERROR.

   Improper remarks by a prosecutor do not necessarily result in a
   reversible error where they are in direct response to improper
   statements of defense counsel.

Appeal from Recorder's Court of Detroit, Joseph
A. Gillis, J. Submitted November 7, 1977, at De-
troit. (Docket No. 77-1161.) Decided March 23,
1978.

Richard Newby was convicted of breaking and
entering with intent to commit larceny and of
receiving and concealing stolen property valued in

REFERENCES FOR POINTS IN HEADNOTES
[1] 13 Am Jur 2d, Burglary §§ 46, 73.
   50 Am Jur 2d, Larceny §§ 80–82.
   66 Am Jur 2d, Receiving and Transporting Stolen Property §§ 1, 4,
   11, 16, 34.
[2] 4 Am Jur 2d, Appeal and Error § 541.
   5 Am Jur 2d, Appeal and Error §§ 624, 722.
   75 Am Jur 2d, Trial §§ 192–194, 233, 307–314.

excess of $100. Defendant appeals. Affirmed in part, reversed in part.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: D. C. RILEY, P. J., and D. F. WALSH and A. C. MILLER,* JJ.

PER CURIAM. Defendant was convicted by a jury of one count of breaking and entering an occupied dwelling with intent to commit larceny therein, MCLA 750.110; MSA 28.305, and one count of receiving or concealing stolen property valued in excess of $100. MCLA 750.535; MSA 28.803. The trial court imposed concurrent sentences of 6 to 15 years and 3 to 5 years on the respective counts. Defendant appeals raising two issues:

(1) Was conviction on both counts permissible?

(2) Did the prosecutor commit reversible error in telling the jury during closing argument that another party involved in the charged offense had pleaded guilty?

The relevant facts are these. The trial testimony established that the defendant and an accomplice broke into and entered the victim's apartment. Although the eyewitness was uncertain as to who actually removed the stolen property—a television —from the house, he did observe the defendant handing the television to his accomplice, who then carried it to an upstairs apartment in the same

---

* Circuit judge, sitting on the Court of Appeals by assignment.

building. Pursuant to a search warrant a police officer searched the accomplice's apartment, found the television hidden in a closet and arrested those present, including the defendant. The only evidence to prove defendant's intent to commit larceny was the testimony that he participated in the taking of the television from the victim's apartment.

On these facts we address the question whether conviction on both counts was proper. We observe at the outset that the evidence was sufficient to convict the defendant of breaking and entering with intent to commit larceny. Thus, the question is whether under the circumstances of this case it was also legally permissible to convict the defendant of receiving and concealing the property stolen in the commission of the breaking and entering.

The receiving and concealing statute under discussion reads in pertinent part:

"Any person who shall buy, receive or aid in the concealment of any stolen, embezzled or converted money, goods or property knowing the same to have been stolen, embezzled or converted, if the property purchased, received or concealed exceed the value of $100.00, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 5 years or by a fine of not more than $2,500.00." MCLA 750.535; MSA 28.803.

From the earliest days of our jurisprudence the Supreme Court has consistently held that the object of this statute is not to punish the thief, but to convict those who aid him in converting the property to his own use.

In *People v Reynolds,* 2 Mich 422 (1852), the Supreme Court in the course of construing the

term "concealment" stated the purpose of the statute's predecessor.[1]

"At common law it was a misdemeanor only to receive stolen property, knowing the same to have been stolen. By the 7 and 8 Geo. 4, Ch. 29, § 2, it was made felony, when the original taking was felony. 2 Russ. on Cr., 237. Our statute has enlarged this common law offense, by making *persons who shall aid the principal felon* in the concealment of the property stolen, equally guilty with him who shall receive such property.

"This was the object of the statute, and was intended to embrace a class of offenses which could not have been reached by the common law; for *important aid and assistance could have been rendered to the principal felon* in enabling him to conceal the stolen property, without having been the receiver, so as to have subjected him to a prosecution on that account, or without having rendered such aid or assistance to the felon himself, as to have made him an accessory *after the fact.*

\* \* \*

"The evil intended to be guarded against by the enactment of that law was, to prevent persons from rendering important, efficient services to a felon, in aiding him in the concealment of stolen property." (Emphasis added.) 2 Mich at 423–424.

In *Brown v People,* 39 Mich 37 (1878), the Court permitted adding a count of receiving and concealing stolen property to a charge of larceny not as a distinct offense, but to prevent a failure of proof *in the event that the proofs indicated that the defendant was not the thief.* The Court reiterated this construction of the statute in *In re Franklin,* 77 Mich 615; 43 NW 997 (1889):

"It needs no discussion to show that under our statutes concerning receivers it is not contemplated that

---

[1] Rev Stat 1846, ch 154, § 20.

the same person can be both thief and receiver." 77 Mich at 618.

See also, *People v Allen,* 252 Mich 553; 233 NW 412 (1930), *People v Hunter,* 77 Mich App 759; 259 NW2d 216 (1977).

In the instant case the defendant's conviction on the charge of breaking and entering with intent to commit larceny was directly premised on evidence establishing that he was the thief. The only evidence presented concerning his intent to commit larceny was testimony that he in fact did commit the larceny. Under these circumstances we find error in convicting the defendant of receiving or concealing stolen property. *People v Kyllonen,* 402 Mich 135; 262 NW2d 2 (1978). Accordingly, we vacate the conviction for receiving and concealing stolen property.[2]

Defendant's second claim of error is that the prosecutor committed prejudicial error in telling the jury during closing argument that another party involved in the offense had pleaded guilty. The record reveals that the prosecutor's remark was made in response to the following statement made in defense counsel's closing argument:

"It's odd that we have heard so much about how many people were around there, and only young Richard Newby is on trial."

After the prosecutor responded by giving the outcome of proceedings against two of the others, defense counsel objected because the fate of another of those arrested had not been revealed. The prosecutor promptly complied.

Improper remarks by a prosecutor do not

[2] We do not intend by this decision to criticize the practice of charging in the alternative.

amount to reversible error where they are in such direct response to improper statements of defense counsel. *People v Pomranky,* 62 Mich App 304; 233 NW2d 263 (1975).

The conviction for receiving stolen property is vacated; the conviction for breaking and entering with intent to commit larceny is affirmed.