PEOPLE *v.* ALLEN.

1. CRIMINAL LAW—INDICTMENT AND INFORMATION—CHARGING TWO DISTINCT OFFENSES.

Although, under Act No. 175, Pub. Acts 1927, chap. 7, § 69, count for receiving stolen property, knowing it to have been stolen, may be added where larceny is charged, and accused may be found guilty of either, they are distinct offenses, and conviction on one count works acquittal on other.

2. SAME—VOID VERDICT.

Where information contained two counts, one for larceny and one for receiving stolen property, knowing it to have been stolen, verdict of "guilty as charged" was void, since accused could not have been guilty of both offenses.

3. SAME—VOID VERDICT REQUIRES RETRIAL.

Void verdict in criminal case requires retrial rather than discharge of accused.

Error to Kent; Perkins (Willis B.), J. Submitted October 16, 1930. (Docket No. 162, Calendar No. 35,124.) Decided December 2, 1930.

Arthur Allen was found "guilty as charged" under an information containing a count for larceny and another for knowingly receiving stolen property. Reversed, and new trial granted.

*Edward G. Burleson* and *Julius J. Herscher,* for appellant.

*Wilber M. Brucker,* Attorney General, *Bartel J. Jonkman,* Prosecuting Attorney, and *Arthur R. Sherk,* Assistant Prosecuting Attorney, for the people.

Consolidated trial upon several indictments against the same defendant, see annotation in 3 L. R. A. (N. S.) 412; 47 L. R. A. (N. S.) 955.

SHARPE, J. The information contained two counts. In the first defendant was charged with the larceny of personal property of the value of $152, and in the second with the receiving of such property, knowing it to be stolen. The court in his instructions to the jury carefully defined both offenses. The jury rendered a verdict of "guilty as charged."

Defendant's counsel thereafter, and before sentence, moved for his discharge because by the verdict the jury found him guilty of both offenses. The motion was denied and defendant sentenced to imprisonment for not less than two and one-half years and not more than five years, with a recommendation that he serve the two and one-half years.

The only error assigned is upon the denial of the motion. It was unfortunate that the verdict as rendered by the jury was received and entered upon the records of the court. In the hurry of court business, the nature of the charge was overlooked by the court when it received the verdict.

Under our statute (Act No. 175, Pub. Acts 1927, chap. 7, § 69), a count for receiving the stolen property, knowing it to have been stolen, may be added where larceny is charged, and the jury may find the accused person guilty of either of these offenses. They are, however, distinct offenses, and a conviction on one count works an acquittal on the other. The same person may not be the thief who stole the property and the person who received it from the thief, knowing it to have been stolen. Under the verdict rendered, a part of the jury might have found the defendant guilty of the larceny, and the rest of the jury might have found him guilty of receiving the stolen property.

In Re Henry Franklin, 77 Mich. 615, 617, it was said:

"Our practice has allowed indictments to contain various counts, charging the same transactions in different ways, so as to meet the testimony as it is given on the trial. And some liberality has been used in applying a general verdict when all of the counts can be harmonized. But we find no authority for sustaining a sentence under a general verdict upon inconsistent charges, and covering them all."

While reference was made to the fact that under the then statute a different punishment might be imposed on the charge as receiver, there is no intimation that the rule stated would not apply when the same punishment might be imposed. In commenting on this case in *People* v. *Morris,* 80 Mich. 634, 636 (8 L. R. A. 685), it was said:

"A proper regard for the rights of a citizen under such circumstances requires that the record should show of which crime the party is convicted."

Counsel for the people rely on the following from 16 C. J. p. 1279:

"But where two indictments charging distinct offenses are tried at the same time, and each indictment is sufficient, a sentence on a general verdict of guilty imposing no punishment greater than could have been given on either of the indictments alone will not be reversed, since the verdict when supported by the evidence may be referred to either indictment."

The case cited to support this statement (*Lucas* v. *State,* 144 Ala. 63 [39 South. 821, 3 L. R. A. (N. S.) 412]), was one in which several indictments charging offenses of the same general nature were consolidated at defendant's request. As before pointed out, those here charged are not offenses "of the same general nature," as a conviction of one

would entitle a defendant to a discharge on the other, nor would a conviction of larceny preclude the prosecution of a person other than the defendant on the charge of receiving the stolen property.

Defendant asks that he be discharged. This claim is made on the assumption that he has been placed in jeopardy by the trial had and cannot be again compelled to defend himself on the charges preferred against him. The motion in arrest of judgment was based on the claim that the verdict was void; that it was in legal effect no verdict. The prosecution was entitled to have a valid verdict rendered. If that which was rendered was void and of no legal effect, it follows that the jury were discharged without rendering any verdict. If so, it was the duty of the court to order a new trial that the guilt or innocence of the defendant on the charges preferred against him might be finally determined. In 8 R. C. L. p. 229 it is said:

"The allowance of the motion" (in arrest of judgment) "does not operate as an acquittal, but only places the defendant in the same situation in which he was before the prosecution was begun."

The judgment is reversed and set aside, and a new trial granted. The defendant, if in prison, will be remanded to the custody of the sheriff to await such trial.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.