BETTY GARRO POWERS v. FRANK GARRO.

171 N. W. (2d) 817.

November 7, 1969—No. 41560.

*Clinton W. Wyant* and *Whitney E. Tarutis*, for appellant.
*Spellacy, Spellacy & Lano* and *Neal A. Lano*, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Rogosheske, JJ.

PER CURIAM.

This is an appeal from an order of the district court denying a motion of plaintiff-wife to amend its order amending the provisions of a divorce decree by transferring custody of the parties' minor children to defendant-father. It is contended that the trial court abused its discretion by giving the father custody of two minor children.

It appears from the record that by the judgment in the divorce action the wife, Betty Garro Powers, was given custody of the children of the parties: Tyrone Garro, age 17; Pamela Garro, age 15; and Mark Garro, age 11. Pursuant to an order to show cause, a hearing was held on the father's petition to revise the decree as to custody. The basis of the motion was that the best interests of the children would be served by placing them with the father.

In addition to some evidence of the wife's neglect, the record indicates that after a divorce from defendant plaintiff entered into an unfortunate marriage which the trial court felt created a home environment which was detrimental to the welfare of the children. The later marriage has now been terminated by divorce. Pursuant to the father's motion, the trial court amended the judgment by giving him custody of the three children. That order was later amended on March 5, 1968, to provide that the eldest child might live with the mother so long as he conformed to certain conditions with reference to school attendance and supervision. The order provided that there should be continued periodic investigations of the mother's home by the Itasca County Wel-

fare Department. Later, an undated motion was made by the mother to have the amended judgment and decree revised so as to restore custody to her. This motion was noticed for April 15, 1968, and submitted on affidavits. By order dated July 15, 1968, the trial court denied the motion and, in an accompanying memorandum, observed:

"The Court does not believe there has been any substantial change in the situation involving the parties since the previous order of the Court."

It would appear from the affidavits presented that the younger children, whose custody has been awarded to the father, prefer to be with their mother. We also gather from representations made in oral argument that the provisions of the court's amended order are not strictly observed and that the children freely move from one home to the other.

The authority of the court to revise or alter decrees of divorce relating to custody is expressed in Minn. St. 518.18, which says:

"The court may afterward, from time to time, on the petition of either parent, revise and alter such order concerning the care, custody, and maintenance of the children, or any of them, and make such new order concerning them, as the circumstances of the parents and the benefit of the children shall require."

This case presents no issues which have not already been considered and passed upon by numerous decisions of this court. 6A Dunnell, Dig. (3 ed.) § 2800. We are confident that the trial court is well aware of the applicable principles of law and are of the view that his disposition of the motions presented to him was warranted on the basis of the facts presented. These facts did not provide him with an alternative which might allow for a disposition which would place the children in a home where conditions would be entirely favorable to their best interests. We suggest, however, that sometime in the future, if the wife demonstrates her fitness to care for the children, the court might, in appropriate proceedings, reconsider the issue of custody. This view is prompted by the fact that the children are reaching the age where their wishes to be in the custody of the mother should be considered.

Affirmed without costs or disbursements.