CECILE E. SCUTO, FORMERLY KNOWN AS
CECILE E. GUTZ, v. WILLIAM GUTZ.

174 N. W. (2d) 324.

February 13, 1970—No. 41807.

*John B. Burke, Jr., Patrick H. O'Neill,* and *O'Neill, Burke & O'Neill,* for appellant.

*Thomas M. Murphy* and *Kempe & Murphy,* for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Frank T. Gallagher, JJ.

PER CURIAM.

This is an appeal from an order of the district court denying a change of custody from the father to the mother of two sons, now 7 and 11 years of age. The only issue is whether the evidence compels a finding as a matter of law that the mother was entitled to a change of custody. We hold that it does not.

The parties were married in 1957 and divorced in 1962. Pursuant to their stipulation, the decree gave the mother custody of the two children. One of them was not yet born. In September 1963, the father remarried. A year later the mother left the children with the father when she went to New York. On her return, she took the younger child to Durango, Colorado, and left him with her parents when she went back to New York. In September 1965, the mother returned to Durango briefly. She then spent several months in Denver, Colorado, again leaving the younger child with her parents. She came to St. Paul in June 1967 and assumed custody of the older child and in August of that year her parents took both children back to Durango.

On February 9, 1968, the father secured an amended decree which granted him custody of his two sons. Thereupon, the mother had the children brought to Las Vegas, Nevada. This prompted the father to secure a writ of habeas corpus in Nevada restoring his right to the custody ordered by the Ramsey County District Court. Meanwhile, on

March 2, 1968, the mother remarried. She surrendered custody pursuant to the Nevada writ but in the fall of 1968 commenced these proceedings to amend the Minnesota decree to regain custody of the children. It is from an order denying that petition the mother appeals.

Under Minn. St. 518.18, either party may petition for a change of custody where there is a substantial change in their circumstances. In support of her position, the mother argues that she has established a stable home and has given birth to another child which she and her husband both love. She argues that her home would be conducive to the raising of the two minor children. As the natural mother she claims a superior right to rear and train children who are of tender years. She alleges that evidence of her present fitness has not been rebutted.

The trial court found that there was an insufficient showing of change of circumstances to justify amending the order of February 1968. We concur in that conclusion. In a memorandum accompanying his findings, the referee observed that the best interests of the children had not been served during the time they were in the mother's custody. On the other hand, the referee was of the opinion that the father provided a happy and stable environment which contrasted with the lack of maturity and stability the mother demonstrated up to the time of her remarriage. The evidence fully supports the findings of the referee and the trial court, and the order appealed from is therefore affirmed. Powers v. Garro, 285 Minn. 516, 171 N. W. (2d) 817.

Affirmed.