MARLYS D. WARDEN v. LOUIS A. WARDEN.

176 N. W. (2d) 121.

March 20, 1970—No. 41740.

*Katz, Taube, Lange & Frommelt* and *David B. Eide,* for appellant.
*Gerald C. Magee* and *Donald A. Hillstrom,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Theodore B. Knudson, JJ.

PER CURIAM.

Appeal from an order of the district court denying defendant's motion to change custody of the parties' two children. Defendant, Louis A. Warden, contends that there has been a substantial change in the circumstances of the parties since custody of the children was awarded to the wife and that the court erred in denying transfer of custody to him.

From the record it appears that the parties have two children—Charmain, age 11, and Jeanine, age 10. Plaintiff was granted a divorce on the grounds of cruel and inhuman treatment in default proceedings and was given custody of the two children on December 21, 1962. Defendant-father was ordered to pay $25 a week as support for the children. By order of September 2, 1965, the court reduced support payments to $25 a month. Nevertheless, the trial court found that defendant appeared in court three times in contempt proceedings for nonpayment and, as a result, was briefly sentenced to the workhouse in May 1966. It also appears that while defendant has earned a salary of about $1,000 a month since 1966, he has never sought to increase the benefits paid

for the support of his two daughters, who have been receiving welfare assistance since July 1962.

On March 29, 1966, the mother married one David Meyer. They have had family difficulties which may largely be attributed to the stepfather's difficulty in adjusting to his wife's children. It appears that plaintiff's mother signed a petition alleging neglect and that, after a hearing in the juvenile court of Anoka County, the two girls were placed in foster homes for about 11 months. They now reside with their mother and stepfather. There is also evidence in the record which is favorable to the stepfather and attests to his good character and honorable conduct.

Defendant-husband has also remarried. His wife had two children by a previous marriage, and they have since had three of their own. Both he and his present wife work, and a babysitter takes care of their children during working hours.

After examining the entire evidence, the court made extensive findings and concluded that the best interests of the children would be served by denying defendant's motion and permitting the children to remain with their mother and stepfather. Within the limits of possible choices, we think the trial court did the best he could under the circumstances.

The issue presented here is neither new nor novel. It is one which has been considered by this court in innumerable decisions. We are controlled by those authorities which have repeatedly held that the trial court is vested with broad discretion in awarding custody of minor children and, in the absence of a showing of arbitrary action, an appellate court will not interfere with the exercise of that discretion. 14 Dunnell, Dig. (3 ed.) § 7297. We find no such abuse of discretion here.

Affirmed.