PEOPLE *v.* SIMON

1. INDICTMENT AND INFORMATION—CRIMINAL LAW—INFORMATION—
   QUASHAL—RECORD—DISCRETION.

   A trial court must find on the record that the magistrate
   abused his discretion in binding an accused over for trial
   in order to grant a motion to quash an information.

2. CRIMINAL LAW—INFORMATION—QUASHAL—VALUE—EVIDENCE.

   Refusal to quash an information charging receiving stolen prop-
   erty of a value over $100 on the asserted ground that the
   preliminary examination transcript contained no evidence
   of the value of the property at the time of the offense was
   not error where at the examination, a qualified appraiser
   testified that he viewed the property, that it was worth $200
   and that he had observed no new conditions or additions to it
   when he appraised it and a police officer testified that the
   property was in police custody from the time defendant was
   arrested on the same day the property was stolen until the
   appraiser viewed it.

3. RECEIVING STOLEN GOODS—EVIDENCE—CRIMINAL LAW—ADMIS-
   SIONS—ARGUMENT TO JURY.

   Defendant's admission of stealing a trailer, referred to in the
   prosecutor's opening and closing statements and during some
   testimony in a trial for receiving stolen property, is proper
   proof and argument because an element of the offense charged
   is that defendant knew that the property received was stolen
   (CL 1948, § 768.27).

Appeal from Macomb, Frank E. Jeannette, J. Submitted Division 2 March 6, 1970, at Detroit. (Docket No. 6,779.) Decided March 30, 1970. Rehearing denied May 4, 1970.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 41 Am Jur 2d, Indictments and Informations §§ 285, 286.
[3] 53 Am Jur, Trial §§ 452, 454.

Albert E. Simon, Jr., was convicted of receiving stolen property of a value over $100. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people.

*I. Goodman Cohen,* for defendant.

Before: Lesinski, C. J., and Quinn and V. J. Brennan, JJ.

Per Curiam. October 1, 1968, defendant was tried by a jury and convicted of receiving stolen property of the value of over $100. CLS 1961, § 750.535 (Stat Ann 1970 Cum Supp § 28.803). He was sentenced and he appeals.

Defendant first contends it was reversible error to deny his motion to quash the information. The motion to quash was based on defendant's theory that the preliminary examination transcript contained no evidence of value at the time of the offense.

April 4, 1968, an Apache camping trailer was stolen. That same day defendant was caught hauling the trailer behind his automobile. He admitted he had stolen it. A qualified appraiser viewed the trailer May 21, 1968. His testimony at preliminary examination was that the trailer was worth $200 and that he had observed no new conditions or additions to the trailer when he appraised it. A police officer testified that the trailer was in police custody from April 4, 1968 to May 21, 1968.

On a motion to quash an information, a trial court must find that on the record, it was an abuse of

discretion for the magistrate to have bound the defendant over for trial. *People* v. *Medley* (1954), 339 Mich 486. The trial court was unable to make such a finding on the record before him, nor can we.

In the prosecuting attorney's opening statement, closing argument and also during some testimony, reference was made to the fact that defendant admitted stealing the trailer. Defendant now claims this was improper proof of a distinct offense and was reversibly erroneous.

An element of the offense charged is that defendant knew that the property received was stolen. Under CL 1948, § 768.27 (Stat Ann 1954 Rev § 28.1050), the proof and argument were proper.

Defendant has abandoned the other two issues raised on appeal.

Affirmed.