CLIFFORD NOHRENBERG v. SHIRLEY NOHRENBERG.

178 N. W. (2d) 233.

June 12, 1970—No. 42118.

*Bradford, Kennedy & Nervig* and *Charles R. Kennedy,* for appellant. *Rufer, Hefte, Pemberton & Schulze* and *James L. Schulze,* for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and James F. Murphy, JJ.

PER CURIAM.

This is an appeal from an order of the district court denying a motion of plaintiff-father to amend its order amending the provisions of a divorce decree relating to the temporary custody of the parties' three minor children and granting their permanent custody to defendant-mother.

The sole issue raised by the father's appeal is whether the evidence as a matter of law compelled the trial court to conclude that the best interests of the two older children, Beverly and Virgil, required that their permanent custody be awarded to the father. There is no challenge to making the mother's temporary custody of the youngest child, Mitchell, permanent.

The parties were married in March 1958 and divorced in August 1967, when the plaintiff-father was 33 and the defendant-mother was 27.

---

[1] Minn. St. 548.14. See, also, In re Trusteeship under Will of Melgaard, 200 Minn. 493, 274 N. W. 641.

During the marriage the parties resided on a farm in a rural area of the state. Since April 1967 they have lived apart, the father and the two older children remaining on the farm and the mother and the youngest child moving to Minneapolis (where she is employed).

In 1965, after a short separation and subsequent reconciliation, the mother dismissed the divorce action she had commenced. Later, in response to this action for divorce begun by the father, she entered into a stipulation with him not to contest his action and compromised all issues except custody of the children. In the judgment of divorce granted in this action in 1967, the court made provisions for the father's temporary custody of Beverly and Virgil (then ages 8 and 7), and for the mother's temporary custody of Mitchell (then age 4) with a support allowance of $25 monthly but expressly reserved the issue of permanent custody of all three children for future de novo determination.

After judgment was entered, an answer by the mother was interposed and the trial of the issues of custody and support took place on February 17, 18, and 25, 1969. The court, upon findings which comprehensively detail all of the relevant evidence bearing on the question of custody, determined that although both parents were competent to have custody, the best interests of the three children would be served by awarding permanent custody of all three children to the mother. Explanatory memoranda accompanied both the findings and the denial of the father's post-trial motion to amend them. At the time of the hearing on the post-trial motion, L. 1969, c. 1030, which amended Minn. St. 518.17,[1] had become effective and its force was urged upon the court.

The transcript, the findings, and the memoranda demonstrate the perplexity of the custody question under the facts of this case and reveal the court's acknowledged "agonizing" endeavor to resolve the parents' conflicting demands. Above all, the record makes clear that the

---

[1] L. 1969, c. 1030, provides in part: "Upon adjudging the nullity of a marriage, or a divorce or separation, the court may make such further order as it deems just and proper concerning the care, custody, and maintenance of the minor children of the parties and may determine with which of the parents they, or any of them, shall remain, having due regard to the age and sex of such children and the children's relationship with each parent prior to the commencement of the action. In determining the parent with whom a child shall remain, the court shall consider all facts in the best interest of the children and shall not prefer one parent over the other solely on the basis of the sex of the parent."

trial court, in arriving at the determination made, had in mind only the best welfare of all of the children without preferring one parent over the other. No proper purpose would be served by detailing the facts and circumstances influencing the decision, since they are carefully set out by the trial court. Under well-established rules governing appellate review of a trial court's exercise of discretionary authority, there is ample evidentiary support for the trial court's decision. While the evidence might also have justified awarding custody of the two older children to the father, there can be no doubt that such a determination is not compelled by the evidence. We are satisfied that within the limits of the possible alternatives open to the trial judge, the decision to reunite the children and grant permanent custody to the mother is clearly a proper exercise of his discretion. See, Warden v. Warden, 286 Minn. 543, 176 N. W. (2d) 121; Scuto v. Gutz, 286 Minn. 524, 174 N. W. (2d) 324; Powers v. Garro, 285 Minn. 516, 171 N. W. (2d) 817.

Affirmed.