PEOPLE v KYLLONEN

1. LARCENY—RECEIVING STOLEN GOODS—EXCLUSIVE OFFENSES.

A defendant convicted of larceny may not be convicted of receiving or aiding in the concealment of the stolen goods, but he may be prosecuted for both offenses and where he is not convicted of the theft he may properly be found guilty of receiving and concealing the goods even where he has confessed to stealing the goods.

2. RECEIVING STOLEN GOODS—ELEMENTS OF CRIME—STATUTES.

The elements of the crime of receiving or aiding in the concealment of stolen property are: (1) the property was stolen, (2) the receiving or aiding in the concealment of the property by the defendant, (3) the identity of the goods as those previously stolen, (4) the value of the property and (5) the guilty knowledge of the defendant (MCLA 750.535; MSA 28.803).

3. CRIMINAL LAW—DIRECTED VERDICT—EVIDENCE—REASONABLE INFERENCES.

The question to be decided on a motion for directed verdict of not guilty is whether there is evidence from which the jury can reasonably infer all of the elements of the crime charged.

4. CRIMINAL LAW—WALKER HEARING—VOLUNTARINESS OF CONFESSION —REVIEWING COURT—CORRECTNESS.

The sole purpose of a *Walker* hearing is to determine the fact of voluntariness of an offered confession and a reviewing court is concerned only with the correctness of that determination.

5. CRIMINAL LAW—INSANITY DEFENSE—INSTRUCTIONS TO JURY—PRESERVING QUESTION.

An issue of the propriety of a jury instruction on an insanity defense is not properly brought on appeal where there was no objection to the instruction at trial.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 50 Am Jur 2d, Larceny § 80 *et seq.*
[3] 30 Am Jur 2d, Evidence § 1086; 75 Am Jur 2d, Trial § 489.
[4] 21 Am Jur 2d, Criminal Law §§ 440, 441.
[5] 75 Am Jur 2d, Trial §§ 738–742.

Appeal from Iron, Ernest W. Brown, J. Submitted December 4, 1975, at Grand Rapids. (Docket No. 21679.) Decided January 7, 1976. Leave to appeal applied for.

David Kyllonen was convicted of receiving or aiding in the concealment of stolen goods. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Torger Omdahl,* Prosecuting Attorney (Prosecuting Attorney Appellate Service, *Edward R. Wilson,* Director, by *Lee W. Atkinson,* Special Assistant Attorney General), for the people.

*Barbara L. Betsey,* Assistant State Appellate Defender, for defendant.

Before: DANHOF, P. J., and QUINN and D. E. HOLBROOK, JR., JJ.

DANHOF, P. J. On June 11, 1974, David Kyllonen was found guilty by a jury of receiving or aiding in the concealment of stolen property. MCLA 750.535; MSA 28.803. The defendant was sentenced to a term of a minimum of two years to a maximum of five years in prison on June 26, 1974.

At the trial, the service manager for a Lansing automobile sales business testified that a new 1974 Toyota pickup truck was noticed as missing on January 28, 1974. The vehicle was thereafter reported to the police department as stolen. An undersheriff for Iron County testified that the pickup truck, identified by its serial number, was found by the sheriff's department at a farm in Iron River Township. The defendant was arrested and taken to the county jail on February 12, 1974. While at the jail, the undersheriff stated the de-

fendant gave a written confession, which was signed by the defendant and witnessed by others present on February 14, 1974.

During the trial, the court held a *Walker* hearing[1] to determine the voluntariness of the defendant's confession. After determining the statement was knowingly and voluntarily made by the defendant, it was received in evidence.

The confession indicated the defendant had driven the vehicle away from the Lansing business, where he had worked as a maintenance man. He stated that he had driven the truck to the farm on February 5, 1974. He left it parked there until it was eventually recovered by the police. According to the defendant, there were other men at the farm who knew the vehicle was stolen and who had driven it. Further, one of the other men was in the process of stripping the vehicle to sell the parts.

Another witness at the trial identified the defendant as the man he saw drive the truck into his service station at Iron River in February.

At the close of the prosecutor's proofs, the defendant made a motion for a directed verdict on the grounds that the prosecution had not proven all the elements of the crime charged. The motion was denied.

The first issue is whether the defendant, who confessed to taking the vehicle, may be convicted under the statute for receiving or aiding in the concealment of stolen property.

MCLA 750.535; MSA 28.803 reads in relevant part:

"A person who buys, receives, or aids in the conceal-

---

[1] *People v Walker (On Rehearing)*, 374 Mich 331; 132 NW2d 87 (1965).

ment of any stolen, embezzled, or converted money, goods, or property knowing the same to have been stolen, embezzled, or converted, if the property purchased, received, or concealed exceeds the value of $100.00, is guilty of a felony, punishable by imprisonment for not more than 5 years, or by a fine of not more than $2,500.00, or both."

The court in *People v Allen,* 252 Mich 553, 554; 233 NW 412 (1930) stated:

"Under our statute (Act No. 175, Pub. Acts 1927, Chap. 7, § 69) [MCLA 767.69; MSA 28.1009], a count for receiving the stolen property, knowing it to have been stolen, may be added where larceny is charged, and the jury may find the accused person guilty of either of these offenses. They are, however, distinct offenses, and a conviction on one count works an acquittal on the other. The same person may not be the thief who stole the property and the person who received it from the thief, knowing it to have been stolen."

While it appears that a defendant convicted of larceny may not be convicted for receiving or aiding in the concealment of the stolen goods and vice versa, he may be prosecuted for both offenses. Thus, a defendant alleged to be the thief, but not convicted for his thievery, may be convicted under the statute for receiving or aiding in the concealment of stolen property. MCLA 750.535; MSA 28.803. See also *People v Randall,* 42 Mich App 187, 193; 201 NW2d 292 (1972), and *People v Simon,* 23 Mich App 64; 178 NW2d 106 (1970).

The next issue raised is whether the trial court erred in denying the defendant's motion for a directed verdict.

In reviewing the trial court's denial of a directed verdict on the same offense charged in the present

case, the court in *People v Keshishian,* 45 Mich
App 51, 53; 205 NW2d 818 (1973), stated:

"The only meritorious issue is whether defendant's
motion for directed verdict made at the close of the
prosecution's proofs should have been granted.

"The elements of this offense are as follows: (1) the
property was stolen, (2) the receiving of the property by
the defendant, (3) the identity of the goods as those
previously stolen, (4) the value of the property, and (5)
the guilty knowledge of the defendant. *People v Tanten-
ella,* 212 Mich 614 [180 NW 474] (1920), *People v
Martinovich,* 18 Mich App 253 [170 NW2d 899] (1969).

* * *

"The question to be decided on a motion for directed
verdict of not guilty is whether there is evidence from
which the jury can reasonably infer all the elements of
the crime charged. *People v Compton,* 23 Mich App 42
[178 NW2d 233] (1970)."

Item (2) would also include aiding in the conceal-
ment of stolen property by the defendant as an
element of the offense.

In the instant case, the defendant argued to the
trial court that the prosecution failed to prove
items (2) and (5) above. An examination of the
record indicates that the jury could have found the
defendant had knowledge that the truck was sto-
len based upon his confession. Further, both from
the confession and the witnesses called by the
prosecution, the jury could have believed the de-
fendant took the truck from Lansing to a farm in
Iron River Township to conceal it from the police.
The confession also indicates there were others at
the farm, who knew the vehicle was stolen, and
one of the others was in the process of stripping
the truck down to sell the parts. Thus, the jury
could have reasonably inferred the defendant was
aiding in the concealment, possibly to help the one

who was taking parts off the vehicle. These were reasonable inferences which the jury in its role as factfinder could properly determine. Therefore, the trial court did correctly deny the defendant's motion for a directed verdict because the jury could have reasonably inferred (2) and (5) above from the evidence presented by the prosecution.

The third issue is whether the trial court correctly determined that the defendant's confession had been voluntary.

*People v Robinson,* 386 Mich 551, 557; 194 NW2d 709 (1972), states the applicable standard of review:

> "In any event the sole purpose of the *Walker* hearing is to determine the fact of voluntariness and a reviewing court is concerned only with the correctness of that determination. The role of reviewing court is accurately stated in *People v Summers,* 15 Mich App 346, 348 [166 NW2d 672] (1968):
> " 'On this appeal we are required to "examine the entire record and make an independent determination of the ultimate issue of voluntariness". *Davis v North Carolina,* 384 US 737, 741, 742; 86 S Ct 1761, 1764; 16 L Ed 2d 895, 898 (1966). See, also, *Clewis v Texas,* 386 US 707, 708; 87 S Ct 1338, 1339; 18 L Ed 2d 423, 426 (1967); *Greenwald v Wisconsin,* 390 US 519; 88 S Ct 1152; 20 L Ed 2d 77 (1968); *People v Hamilton,* 359 Mich 410, 418; 102 NW2d 738 (1960); *People v Pallister,* 14 Mich App 139; 165 NW2d 319 (1968) and the discussion of the clearly erroneous rule in 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 596.' "

In line with the above authority, we have examined the entire record of the instant case. The undersheriff informed the defendant of his rights. There was no coercion shown or claimed to make the defendant confess. While the defendant did state he was depressed on the day he gave the

confession, he stated the reason he confessed was that he "felt like gettin' it over with". Based upon the record, we find the trial court did not err in determining that the defendant's confession had been voluntarily given.

The final issue raised on appeal is whether the trial court correctly instructed the jury on the insanity defense.

No objection was made to the instructions at the trial.

While this alleged error is not properly before the Court, we find the instructions "were adequate and are not inconsistent with substantial justice". *People v Fry,* 55 Mich App 18, 26; 222 NW2d 14 (1974).

Affirmed.