PEOPLE v HUNTER

PEOPLE v THOMAS

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OF-
   FENSES—EVIDENCE.

   A trial court in a trial for armed robbery may not refuse a jury
   instruction on the lesser included offense of attempted armed
   robbery where there is evidence to support the requested
   charge; case precedent presently holds that if the lesser charge
   is one that is necessarily included within the greater, the
   evidence will always support the lesser if it supports the
   greater.

2. ROBBERY—ATTEMPTS—RECEIVING STOLEN GOODS—MULTIPLE CON-
   VICTIONS—SAME PROPERTY.

   A defendant may be prosecuted in the same trial for the offense
   of armed robbery and for the offense of receiving and conceal-
   ing goods stolen in that robbery, but he may not be convicted
   and punished for both offenses; a valid binding conviction of
   armed robbery by a court of last resort operates as an acquittal
   of a receipt of stolen property charge where the property was
   that property stolen in the robbery for which defendant was
   convicted.

Appeal from Recorder's Court of Detroit, Geral-
dine Bledsoe Ford, J. Submitted June 20, 1977, at
Detroit. (Docket Nos. 26112, 26113, 26114.) Decided
September 6, 1977.

Raymond L. Hunter was convicted of armed
robbery and receiving stolen goods. William L.
Thomas was convicted of receiving stolen goods
and, on his plea of guilty, of unarmed robbery.
Defendant Hunter appeals both convictions. De-

REFERENCES FOR POINTS IN HEADNOTES
[1] 67 Am Jur 2d, Robbery § 72.
[2] 66 Am Jur 2d, Receiving Stolen Property § 39.

fendant Thomas appeals the receiving stolen goods conviction. The cases were consolidated on appeal. Affirmed in part, reversed in part, and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*Benjamin F. Blake,* for defendants on appeal.

Before: BEASLEY, P. J., and V. J. BRENNAN and J. R. McDONALD,* JJ.

BEASLEY, J. Defendants, Raymond L. Hunter and William L. Thomas, were charged with robbery armed in violation of MCLA 750.529; MSA 28.797. In a separate information, defendants Hunter and Thomas, together with defendant John Thomas Slate, were charged with receipt of stolen property in violation of MCLA 750.535; MSA 28.803. The personal property allegedly taken in the armed robbery is the same as that allegedly received in the stolen property charge. The cases were consolidated for trial on motion of the prosecutor and over objection of defendant Slate. A jury convicted defendant Hunter of armed robbery and receipt of stolen property, but hung and was unable to agree with respect to the armed robbery charge against defendant Thomas. However, the jury found defendant Thomas guilty of receipt of stolen property.

The jury found defendant Slate guilty of receipt of stolen property and his conviction was affirmed on appeal.[1]

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] *People v Slate,* 73 Mich App 126; 250 NW2d 572 (1977).

Defendant Hunter claims that the trial judge erred in not instructing the jury regarding the lesser included offense of attempted armed robbery when he had requested such an instruction. The trial judge had ruled with the prosecutor that there was no evidence of an attempt and that, therefore, it was unnecessary to instruct regarding that lesser included offense.

Defendant bases his allegation of error on *People v Lovett*.[2] But *Lovett* was not decided by the Supreme Court until January 29, 1976, while the jury verdict here was rendered on June 11, 1975. However, it is unnecessary to determine whether to give retroactive effect to *Lovett* and its progeny. Suffice it to say that our review of the record reveals that, contrary to the trial court's ruling, there was evidence to support the requested charge on attempted armed robbery.[3] Therefore, it was error to refuse to so instruct.

However, while it was error, the verdict of guilty of armed robbery would clearly support a verdict of guilty of attempted armed robbery. The verdict of guilty of armed robbery against defendant Hunter is reversed and this cause is remanded to the trial court for entry of a judgment of guilty of

[2] *People v Lovett*, 396 Mich 101; 238 NW2d 44 (1976), where the Court stated as follows:

"In *Jones, supra*, we said: 'If the lesser offense is one that is necessarily included within the greater, the evidence will always support the lesser if it supports the greater.' 395 Mich 390. Attempted armed robbery is 'necessarily included' within the offense of armed robbery. *People v Bradovich*, 305 Mich 329, 332; 9 NW2d 560 (1943). The jury may have found the defendant guilty of the attempt although the evidence showed a completed offense." (Citations omitted.)

[3] Before *People v Lovett, supra, People v Ora Jones*, 395 Mich 379; 236 NW2d 461, decided December 18, 1975, and *People v Henry*, 395 Mich 367; 236 NW2d 489, decided December 18, 1975, the law was that if a defendant requested instruction regarding a particular lesser included offense and there was evidence of guilt of that lesser included offense, the trial judge was obligated to so instruct. *(People v Simpson*, 5 Mich App 479; 146 NW2d 828 (1966).)

attempted armed robbery and for sentencing on the same.[4]

However, if the prosecuting attorney believes the cause of justice would be better served by a new trial on the armed robbery charge, he may, at his option, notify the trial court prior to resentencing and, in such case, a new trial on the armed robbery charge will be granted.

Defendant Hunter also claims that where the property taken in the armed robbery is the same property as that upon which the receipt of stolen property charge is based, it is error to instruct the jury that they can find defendant guilty of both charges, armed robbery and receipt of stolen property of a value over $100. Defendant cites *People v Allen,* 252 Mich 553, 554; 233 NW 412 (1930), where the Supreme Court said:

"Under our statute (Act No. 175, P.A. 1927, Chap. 7, § 69) [MCLA 767.69; MSA 28.1009], a count for receiving the stolen property, knowing it to have been stolen, may be added where larceny is charged, and the jury may find the accused person guilty of either of these offenses. They are, however, distinct offenses, and a conviction on one count works an acquittal on the other. The same person may not be the thief who stole the property and the person who received it from the thief, knowing it to have been stolen."

In *People v Kyllonen,* 66 Mich App 467, 470; 239 NW2d 410 (1976), this Court commented on the *Allen* rule:

"While it appears that a defendant convicted of larceny may not be convicted for receiving or aiding in the concealment of the stolen goods and vice versa, he may be prosecuted for both offenses. Thus, a defendant al-

---

[4] *People v Dancer,* 396 Mich 802; 238 NW2d 29 (1976), *People v Jenkins,* 395 Mich 440; 236 NW2d 503 (1975).

leged to be the thief, but not convicted for his thievery, may be convicted under the statute for receiving or aiding in the concealment of stolen property. MCLA 750.535; MSA 28.803. See also *People v Randall,* 42 Mich App 187, 193; 201 NW2d 292 (1972), and *People v Simon,* 23 Mich App 64; 178 NW2d 106 (1970)."

In view of the *Allen* rule, we conclude that a valid, binding conviction of armed robbery by a court of last resort would serve as an acquittal of the receipt of stolen property charge, where the same property was contemporaneously both stolen in the armed robbery charge and received in the receipt of stolen property charge. The *Allen* rule does *not* prohibit trial of the two offenses together; only conviction of and punishment for both is prohibited. But, here the armed robbery conviction is set aside for the error in the jury instruction. Therefore, the receipt of stolen property conviction is not at this time affected for the reason that there is no present armed robbery conviction. If the prosecutor elects to seek resentencing of defendant on the attempted armed robbery conviction, then, pursuant to this opinion, the receipt of stolen property conviction and sentence thereon are set aside for the reason that the conviction for attempted armed robbery would operate as an acquittal of the receipt of stolen property charge in the same manner as would an armed robbery conviction.[5] If the prosecutor elects to retry defendant on the armed robbery charge, which option is afforded the prosecutor hereunder, then the re-

---

[5] The subject matter of the attempted armed robbery is basically the same property as that involved in the receipt of stolen property charge. Therefore, absent special facts not herein presented, the same reasons as underpin the *Allen* rule are present where the conviction is for attempted armed robbery as for armed robbery; consequently, the result must be the same; namely, the conviction for attempted armed robbery serves as an acquittal of the receipt of stolen property conviction.

ceipt of stolen property conviction must also be set aside and that charge retried. If it were not so, an anomalous situation could arise where, if defendant was convicted on retrial of armed robbery, the *Allen* rule that provides such conviction of armed robbery serves as an acquittal of the receipt of stolen property charge would be meaningless. Defendant would already have served all or part of his sentence for receipt of stolen property before the armed robbery retrial conviction operated as an aquittal. Therefore, if the prosecutor elects to retry defendant for armed robbery, rather than resentence on an attempted armed robbery conviction, he must recognize that the receipt of stolen property conviction will be set aside.

With respect to defendant Thomas, he has subsequently pleaded guilty to an added count of unarmed robbery in the armed robbery case in which there was a hung jury. On his plea, he was sentenced to a term of not less than 40 months nor more than 60 months in prison, that being a similar term to the sentence imposed upon him for the receipt of stolen property conviction. He does not appeal the conviction on his plea of unarmed robbery; however, he does appeal the receipt of stolen property conviction.

In accordance with the rationale of this opinion, defendant Thomas' conviction of unarmed robbery, which involved the same property as in the receipt of stolen property charge, operated as an acquittal of the receipt of stolen property conviction. Therefore, his conviction for receipt of stolen property is reversed.

Remanded for proceedings consistent with this opinion.