**In re the Marriage of Robin FLINCK, petitioner, Respondent,**

**v.**

**Tanya FLINCK, Appellant.**

**No. C7-84-67.**

Court of Appeals of Minnesota.

July 17, 1984.

H.R. Chalupsky, Chalupsky, Nyberg & Hawkinson, Ltd., Grand Rapids, for respondent.

Thomas Butorac, Legal Aid Service of Northeast Minnesota, Virginia, for appellant.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Following a dissolution hearing, the court granted custody of the parties' two-year-old son to the father, and the mother appeals. We affirm.

## FACTS

The parties were married on December 9, 1981, and their only child, Jesse, was born shortly thereafter. Tanya Flinck has custody of one other child from a previous marriage. During the parties' marriage, the family lived in Minnesota.

In February, 1983, Tanya, Robin, and the children drove to Oregon to visit Tanya's mother. During the visit, Robin and Tanya quarreled and Robin returned to Minnesota alone. In June, Robin filed a marriage dissolution petition. Tanya and the children remained in Oregon.

Tanya returned to Minnesota for the dissolution hearing in November, 1983, but did not bring Jesse with her, even though she could have done so at no cost and even though Jesse had not seen his father since February. At the hearing, both parents sought custody and both testified to their fitness as a parent. The court ordered a home study of each parent. The investigator's study of Robin's home indicated Robin had no significant problems which would interfere with his ability to care for his son and he would be an adequate parent. The study of Tanya's home was never completed because Oregon officials would not cooperate and a private study could not be arranged.

## ISSUE

Did the trial court abuse its discretion in granting custody of the minor child to the father?

## ANALYSIS

A trial court has the opportunity to view the parties and hear their testimony and so has broad discretion in determining custody. The trial court's custody decision will not be set aside unless it was a clear abuse of discretion or was arbitrary. *LaBelle v. LaBelle*, 296 Minn. 173, 175, 207 N.W.2d 291, 292 (1973); *Warden v. Warden*, 286 Minn. 543, 544, 176 N.W.2d 121, 122 (1970); *see also Peterson v. Peterson*, 308 Minn. 365, 368, 242 N.W.2d 103, 106 (1976). Here, the trial court stated it made the custody determination based on the best interest of the child as determined by application of the nine factors listed in Minn. Stat. § 518.17, subd. 1 (1982). Since the court based its decision on the appropriate statutory provision and since there is evidence in the record, including testimony of Robin's relationship with the child and Robin's home study, supporting the court's determination, we cannot say the trial court abused its discretion.

Tanya claims she was denied her statutory opportunity to cross-examine the investigator who conducted the home study of Robin. Minn.Stat. § 518.167, subd. 3 (1982). Her claim is without merit. The trial court ordered the studies at the dissolution hearing. Recognizing the parties' right of cross-examination with respect to the studies, the court also informed the parties of their right to demand a hearing to cross-examine the investigators. No such hearing was ever demanded.

## DECISION

The trial court did not err in granting custody of the parties' minor child to the father.

Affirmed.